IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Isaac Peterson,** | Case No. 1:24cv00543 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Magistrate Lisa Obert, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

*Pro se* plaintiff Isaac Peterson filed this action under 18 U.S.C. §§ 241 and 242 against Magistrate Lisa Obert, "Bailiff Jim," "Priest Dominic Coletta," and Janet Colaluca, Clerk of Court. (Doc. No. 1). In his complaint, Plaintiff alleges that he was summoned to court and "threat[ened] and kidnapped" while explaining the wrongs committed against him. (*Id.* at 1). Plaintiff also alleges that domestic terrorists surrounded him with deadly weapons and told him that he did not have the right to speak. (*Id.*). Plaintiff claims that he "was prepared to defend" himself in trial, but he was denied the right to a speedy trial and due process. (*Id.*). Plaintiff's complaint does not include a request for relief.

Plaintiff filed an application to proceed *in forma pauperis*. (Doc. No. 2). The Court grants that application.

**I. Standard of Review**

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if

it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## II. Law and Analysis

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d

413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (District courts are not required to conjure up questions never squarely presented to them or to construct full claims from sentence fragments. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff. . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.") (citation omitted). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (all complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted).

      Here, Plaintiff's complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff's very brief complaint is almost completely devoid of facts, it fails to connect any alleged occurrence to a specific, cognizable injury, and it lacks a proper request for relief. Plaintiff also fails coherently to identify how each defendant has harmed him. Additionally, Plaintiff's complaint consists solely of

conclusory allegations or legal conclusions, which are insufficient to state a claim and do not meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

Moreover, Plaintiff's only listed causes of action are purported violations of 18 U.S.C. §§ 241 (conspiracy against rights) and 242 (deprivation of rights under color of law). Sections 241 and 242 are criminal statutes. They do not provide a private right of action in a civil case. *See Booth v. Henson*, 290 Fed. App'x 919, 2008 WL 4093498, at *1 (6th Cir. 2008); *U.S. v. Oguaju*, 76 Fed. App'x. 579, 2003 WL 21580657, *2 (6th Cir. 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). Plaintiff therefore lacks standing to assert violations of 18 U.S.C. §§ 241 and 242. *See Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (citing among authority *Diamond v. Charles*, 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986)). With no other cognizable causes of action identified, Plaintiff fails to state a claim upon which relief may be granted.

### III. Conclusion

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2). And the Court dismisses Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

    s/Pamela A. Barker  
PAMELA A. BARKER  
Date: June 17, 2024    U. S. DISTRICT JUDGE